BOOTH, Judge.
The Department of Highway Safety and Motor Vehicles (Department) petitions this court for writ of certiorari to review an order of the circuit court reinstating David Guthrie’s driver’s license.
Respondent Guthrie’s driver’s license was suspended when he refused to submit to a breath test after being stopped and arrested at a sobriety checkpoint in Santa Rosa County, Florida. § 322.2615(1), Fla.Stat. Guthrie challenged the suspension by requesting formal review pursuant to section 322.2615(6)(a), (b), Florida Statutes. Following a formal review hearing, the hearing officer made these findings of fact:
On December 12, 1993, at 3:11 a.m., Deputy Scott Phillips, of the Santa Rosa Sheriffs Office, was working at a planned sobriety checkpoint site. Reserve Deputy Larry Tynes advised Deputy Phillips he smelled an odor of an alcoholic beverage coming from David Gordon Guthrie, Jr. and he observed an open bottle of Vodka in the rear floor board. Mr. Guthrie also admitted to drinking three beers.
Deputy Phillips requested Mr. Guthrie to perform several field sobriety tests: 1. One leg stand — he used arms for balance and put foot down twice. 2. Finger to Nose test — he missed tip of nose and kept eyes open during test. 3. Walk and Turn test — he used arms for balance and lost balance while turning. 4. Horizontal Gaze Nystagmus — onset before 45 degrees.
Deputy Phillips arrested Mr. Guthrie for DUI and read him the Implied Consent Warnings. Mr. Guthrie refused to cooperate and his driving privilege to operate a motor vehicle was properly suspended for refusal to submit to a breath test.
The hearing officer found that the arresting officer had probable cause to believe that Guthrie was driving under the influence of alcohol, that Guthrie was placed under lawful arrest, that Guthrie refused to submit to the requested breath test, and that Guthrie was told that if he refused to submit to the test his licensed would be suspended. See § 322.2615(7)(b), Fla.Stat. The hearing officer concluded that Guthrie’s one-year suspension was proper and would be sustained.
The circuit court granted Guthrie’s petition for writ of certiorari, holding that the hearing officer departed from the essential requirements of law. The circuit court found that the deputy did not have probable cause to require Guthrie to submit to the field sobriety tests which led to his arrest and the suspension of his driver’s license. Jones v. State, 459 So.2d 1068 (Fla. 2d DCA 1984), approved on other grounds, State v. Jones, 483 So.2d 433 (Fla.1986). Accordingly, the *405 circuit court quashed the decision of the Department and reinstated Guthrie’s license.
We grant the Department’s petition. In reaching its decision the court below did not have the benefit of the supreme court’s recent decision in State v. Taylor, 648 So.2d 701, 703 (Fla.1995), which established that the standard for compelling road sobriety-tests is “reasonable suspicion,” holding:
When Taylor exited his ear, he staggered and exhibited slurred speech, watery, bloodshot eyes, and a strong odor of alcohol. This combined with a high rate of speed on the highway, was more than enough to provide [the officer] with rear sonable suspicion that a crime was being committed, i.e., DUI. The officer was entitled under section 901.151 to conduct reasonable inquiry to confirm or deny that probable cause existed to make an arrest. [The officer’s] request that Taylor perform field sobriety tests was reasonable under the circumstances and did not violate any Fourth Amendment rights.
(Emphasis added.)
Accordingly, we grant the writ, quash the circuit court’s order, and remand for further proceedings with directions to apply the holding in Taylor.
JOANOS and BENTON, JJ., concur.